PRICE, Judge.
Plaintiff, Dudley V. Snow, sued for recovery of hospital and medical benefits under a policy of health and accident insurance issued by defendant, Travelers Insurance Co. The trial court concluded that the policy provided coverage for the expenses incurred by plaintiff but the statutory penalties and attorney fees sought pursuant to La.R.S. 22:657(A) were denied. Plaintiff appeals alleging as error the failure of the *409 trial court to award penalties and attorney fees. Defendant has neither appealed or answered plaintiff’s appeal. Therefore the single issue for review is whether plaintiff should have been awarded penalties and attorney fees.
During a 32-day period in July and August of 1977 plaintiff was hospitalized as a resident in-patient at La Hacienda Treatment Center in Hunt, Texas. Subsequent to his release, plaintiff submitted a claim for expenses incurred as a result of his confinement at La Hacienda which he alleged were covered under a policy issued by defendant to plaintiffs employer. Defendant denied coverage on the basis that La Hacienda was not a “hospital” as that term was defined in the policy.
The policy provided as a prerequisite to coverage that the expenses be incurred in a hospital defined as follows:

Hospital

The term “hospital” as used herein means an institution which is engaged primarily in providing medical care and treatment of sick and injured persons on an inpatient basis at the patient’s expense and which fully meets all the tests set forth in (a) or (b) or (c) below:
(a) It is a hospital accredited by the Joint Commission on Accreditation of Hospitals. . . .
It was undisputed that La Hacienda is an institution which primarily provides medical care and treatment for sick persons on an in-patient basis. It was also stipulated by the parties that La Hacienda did not meet the definitional requirements for a hospital under the terms of the policy unless it did. so under the above quoted subsection (a).
La Hacienda was in fact accredited by the Joint Commission on Accreditation of Hospitals (Joint Commission) upon recommendation of the Accreditation Council for Psychiatric Facilities. Defendant contended in the trial court that this accreditation by the Joint Commission was made pursuant to an accreditation program for psychiatric facilities and thus La Hacienda was not a hospital under the terms of the policy but rather a psychiatric facility.
The case was submitted to the trial court on a motion for summary judgment and the court agreed with plaintiff’s interpretation of the policy, i. e. the fact that La Hacienda was accredited upon the recommendation of the Accreditation Council for Psychiatric Facilities does not detract from the fact that it was “accredited by the Joint Commission on Accreditation of Hospitals” as required by the terms of the policy. This accreditation was not qualified in any manner to designate La Hacienda as a psychiatric facility to be distinguished from a hospital. However, the court concluded that the interpretation of the clause placed at issue by defendant presented a reasonably close question of coverage and therefore denied plaintiff’s request for penalties and attorney fees.
La.R.S. 22:657(A) provides for a penalty of double the amount of benefits due under health and accident policies plus attorney fees to be determined by the court when an insurer fails to pay a claim within 30 days of receiving notice and proof of claim unless such failure to pay is based on “just and reasonable grounds such as would put a reasonable and prudent businessman on his guard.”
Contrary to the findings of the trial court we feel that the refusal by defendant to pay plaintiff’s claim was based on an unreasonable interpretation of the policy in question. The undisputed facts show that La Hacienda has received an unqualified accreditation certificate from the Joint Commission. Plaintiff established by affidavits and admissions of fact and genuineness of documents that La Hacienda is licensed as a hospital by the Texas Department of Health and that it is accredited as an institutional member of the American Hospital Association. Based upon these facts and a common sense reading of the definition of “hospital” in the policy, we think it is unreasonable to expect a policyholder to look behind the plain meaning of words to see how the accreditation was obtained. If the insurer sought to differentiate accreditation programs, it could have clearly done so in a manner which would put the policyholder *410 on notice as permitted by the insurance code. [See La.R.S. 22:213(B).] The insured should not be required to explore the method by which the hospital obtained accreditation if it otherwise appears that the institution is a bona fide hospital under the policy language.
The attempt by the defendant to reject plaintiff’s claim on the basis of this complex and strained construction of the definition of a “hospital” as contained in its own policy was unreasonable under the circumstances.
Plaintiff is therefore entitled to a penalty of double the amount of benefits due plus attorney fees under the provisions of La. R.S. 22:657(A).
The judgment of the trial court is reversed insofar as it rejected plaintiff’s claim for statutory penalties and attorney fees, and is amended to award plaintiff an additional sum of $3,016.15 as statutory penalties, and $1,000 as reasonable attorney fees. The judgment is otherwise affirmed as amended. The costs of this appeal are assessed to defendant.